394 A.2d 1002

**Laird LEHMAN, Appellant,**

v.

**Kathleen MOODY.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1978.

Decided Nov. 22, 1978.

Michael A. Etkin, Philadelphia, for appellant.

Andrew A. Borek, Philadelphia, for appellee.

Before VAN der VOORT, MONTGOMERY and WATKINS, JJ.

WATKINS, Judge:

This is an appeal from the order of the Court of Common Pleas of Philadelphia County denying the plaintiff-appellant's motion to quash an appeal from the award of arbitrators.

The case involves an automobile accident which occurred in Philadelphia on April 5, 1976. Plaintiff sued defendant in trespass on September 14, 1976 and the matter was heard by a Board of Arbitration on October 27, 1977 and on November 1, 1977. The Board found in favor of plaintiff and against defendant and awarded the plaintiff $5,450.00. The award was docketed on November 3, 1977. The docket entries indicate that that Bill of Costs, dated November 15, 1977, were in the amount of $224.00. Plaintiff's attorney claims that he sent a bill of costs form to the defendant's attorney on November 15, 1977. However, the bill of costs did not contain the amount of the costs since it was blank. In any event, on November 21, 1977 defendant's attorney sent a notice to plaintiff's attorney that defendant intended to take an appeal from the award of the arbitrators and requested of plaintiff the bill of costs. Another bill of costs was then sent by plaintiff's attorney to defendant's attorney on November 23, 1977. However, the Thanksgiving Holiday intervened and defendant's attorney did not receive the bill of costs until November 28, 1977. Defendant filed the appeal in a timely fashion but defendant's principal, an insurance company, did not pay to plaintiff's attorney the $224.00 costs until December 27, 1977. The appeal had been filed on November 22, 1977. On December 27, 1977, plaintiff filed a motion to quash defendant's appeal from the arbitrator's award for failure of defendant to pay the bill of costs within the twenty days mandated by the *Act of June 16, 1836, P.L. 715, Sec. 27, as amended 5 P.S. 71,* which sets out the procedures for appealing from an arbitration award. Defendant alleges substantial compliance with the Act. On February 8, 1978 the court below denied plaintiff's motion to quash the appeal and plaintiff appealed to this Court. The issue, therefore, is whether the court below acted correctly in dismissing plaintiff's motion to quash defendant's appeal.

An appeal from an award made by a Board of Arbitration must be made within twenty days after the award is entered. *5 P.S. 71.* Since the award was docketed on November 3, 1977 and the appeal filed on November 22,

1977, the appeal was timely. However, the *Act of June 16, 1836, P.L. 715, Sec. 27, as amended 5 P.S. 71* also requires, inter alia, that the appellant "shall pay all the costs that may have accrued in such suit or action". The requirement that record costs be paid during the appeal period is mandatory under the provisions of the aforesaid Act. However, a valid attempt to make such a timely and full payment, coupled with substantial though incomplete compliance with the requirement, should not result in the harsh finality of an order quashing an appeal from arbitration. Rather, the courts should examine the appellant's attempts at compliance in order to determine whether an honest effort has been made to meet the requirements of the statute. *Black v. Brown, Inc. v. Home for the Accepted, Inc.,* 233 Pa.Super. 518, 335 A.2d 722 (1975).

The circumstances surrounding defendant's appeal in the instant case reveal that the court below was correct in holding that defendant did make "a timely, reasonable and honest effort to substantially comply" with the mandates of the Act. Although plaintiff sent to defendant's attorney a bill of costs form it was blank as to the amount of November 15, 1977 and again on November 23, 1977. When defendant's attorney did ascertain the amount of the costs on November 28, 1977 he immediately forwarded it to the insurance company which paid the $224.00 by December 6, 1977.

The local Philadelphia arbitration rules governing Right of Appeal, Rule VI, is substantially identical to the statutory provisions and does not contradict the terms of the statute but implements it. Local Rule VI as to the right to appeal provides as follows: " . . . (a) A party taking an appeal from an arbitration award may make written request for a statement of costs accrued in the case, which shall be furnished in writing within five (5) days of the receipt of the notice. Failure to furnish such statement shall result in a waiver of the right to move to quash the appeal for failure to pay the accrued costs."

When the appellee, at the request of the appellant for a bill of costs, sent him a blank bill of costs form, he did not comply with the local rule as the blank form did not inform the appellant of the accrued costs.

Since the bill of costs was paid within thirteen days from the time the mandatory period expired on November 23, 1977, and because of the intervening holiday and the fact that the bill of costs form did not contain the costs, we hold that the appellee did indeed substantially comply with the mandate of the act and the local rule so that the court below as correct in denying plaintiff's motion to quash.

Order affirmed.