421 A.2d 329

**Nino BRIGA, Appellant,**

v.

**KEN-TUCK SIGNS, INC.**

Superior Court of Pennsylvania.

Argued Dec. 4, 1979.

Filed Aug. 8, 1980.

538

Paul Sotak, Scranton, for appellant.

Paul R. Yagelski, Scranton, for appellee.

Before HESTER, MONTGOMERY and CIRILLO,* JJ.

CIRILLO, Judge:

The appellant filed an appeal from an award of a panel of arbitrators. The appellee filed a motion to quash the appeal on the grounds that the appellant had not complied with a Lackawanna County Rule of Court which requires that where an appeal from arbitration is taken by the plaintiff, the appeal shall be accompanied by a Complaint. The Court below granted the motion to quash, and the appellant has appealed that order to this Court.

 This Court has declared that technical non–prejudicial errors will not bar an appeal from arbitration: *Menarde v. Southeastern Pennsylvania Transportation Authority*, 224 Pa.Super. 536, 309 A.2d 160 (1973). Thus, it has been held that failure to pay all record costs is not an adequate ground to quash an appeal: *Meta v. Yellow Cab Co.*, 222 Pa.Super. 469, 294 A.2d 898 (1972). In the recent case of *Lehman v. Moody*, 260 Pa.Super. 428, 394 A.2d 1002 (1978), this Court refused a motion to quash an appeal where the record costs were not paid within the twenty day appeal period. This Court held that substantial compliance with the rules for appeals is all that is required, as long as there is no demonstrable prejudice to the other party.

 Pa.Rule of Civil Procedure 126 provides that Rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding and

* Judge VINCENT A. CIRILLO, of the Court of Common Pleas of Montgomery County, Pennsylvania, is sitting by designation.

that the Court at every stage of an action may disregard any error or defect of procedure which does not affect the substantial rights of the parties. The application of Rule 126 was recently upheld by the Supreme Court of Pennsylvania in *Pomerantz v. Goldstein*, 479 Pa. 175, 387 A.2d 1280 (1978). In this case, there clearly could have been no prejudice for failure to file another Complaint since the appellee had already been served with the original Complaint prior to arbitration. Therefore, we hold that the Court below abused its discretion in literally enforcing a Rule of Court where there was no prejudice and no substantial rights were involved.

The Order of the Court below is hereby reversed, and it is directed that the appellant's appeal from arbitration be allowed.