493 A.2d 695

**Sanford L. WILK and Joan Wilk, H/W, Appellants,**

v.

**GIRARD BANK.**

Superior Court of Pennsylvania.

Argued August 23, 1984.

Filed March 29, 1985.

Reargument Denied June 6, 1985.

Petition for Allowance of Appeal Denied Nov. 12, 1985.

Alan J. Dion, Philadelphia, for appellants.

Alan G. Rosenbloom, Philadelphia, for appellee.

Before CIRILLO, OLSZEWSKI and BECK, JJ.

BECK, Judge:

The sole issue in this appeal is whether the lower court abused its discretion in granting appellee Girard Bank's petition to open the judgment entered on a compulsory arbitration award in favor of appellants Wilk. Finding no abuse of discretion, we affirm the lower court's order as to the opening of the judgment.

The relevant facts are ably summarized in the lower court's opinion as follows:

[Appellants] commenced an action in trespass against Girard.... [T]he action was referred to compulsory arbitration. Counsel for Girard, Carolyn A. Johnson, filed an entry of appearance and an Answer to [appellants'] Complaint.

On April 4, 1982, Ms. Johnson withdrew her appearance with regard to this matter. Christopher H. Wright en-

tered his appearance on behalf of Girard on that date. Although the Prothonotary time-stamped the withdrawal and entry of appearances on April 12, 1982, no docket entry reflected the change of counsel.

In July and August, 1982, the notice of the date and time of the arbitration hearing was published in the Legal Intelligencer under the name of C. Johnson, who no longer represented Girard. The arbitration hearing was held on August 11, 1982. Girard's counsel did not appear. The arbitration panel awarded [appellants] $3,000.00 on August 13, 1982.

. . . .

... Girard's counsel [Christopher H. Wright] claims that he first learned of the award on August 19, 1982. He immediately contacted Ms. Mary Alleva, the administrator of the compulsory arbitration program, to advise her that he did not receive actual notice of the hearing. Pursuant to counsel's telephone conversation with Ms. Mary Alleva, counsel submitted a letter to explain his failure to appear. Girard did not file an appeal from the award apparently in reliance upon Ms. Alleva's suggestion that a letter would protect [Girard's] rights. [Girard's] counsel initially requested that the award be vacated and that a panel hold a new hearing. The Court took no action until the appeal period had expired. On September 30, 1982, Girard filed [its] ... petition to open the judgment, forty days after its counsel learned of the award.

Lower Court Opinion at 1–3.

We now consider whether, in light of the actions taken by appellee to protest the arbitration award, the lower court could properly accord appellee relief from the award.

First, appellants contend that the lower court should have dismissed appellee's petition to open because the petition was not filed within the appropriate appeal period. Pursuant to Pa.R.C.P. No. 1307(c), a party must contest an abitration award within thirty days after entry of the award on the docket. Rule 1307(d) provides, however, that the

filing of an application for the court to mold an arbitration award stays the running of the thirty-day appeal period until disposition of the application after which "[a]ny party may file a notice of appeal within the thirty-day appeal period ... or within ten days after disposition of the application, whichever is later."

The arbitration award in the case sub judice was docketed on August 13, 1982, and on September 30, 1982, appellee filed its petition to open the judgment entered on the award. In the interim between the docketing of the award and the filing of the petition to open, appellee sent a letter to the arbitration program administrator to explain that its failure to participate in the arbitration proceeding resulted from inadequate notice of the hearing date. The lower court reasoned that appellee's letter to the arbitration program administrator should be viewed as a Rule 1307(d) application which stayed the running of the thirty-day appeal period. Lower Court Opinion at 3–4.

■ Rule 1307(d) permits applications to the court to mold an award only "[w]here the record and the award disclose an obvious and unambiguous error in the award in mathematics or language." [1] But appellee's letter did not seek correction of a clerical error in the arithmetic calculation or wording of the arbitration award. Rather, by alleging improper notice of the hearing date, appellee's letter asserted grounds for a new hearing. We realize that the trial

---

**1.** The Explanatory Note accompanying Rule 1307 details the narrow uses of Rule 1307(d). Rule 1307(d) may be applied

[i]n the rather rare case of a clear error of language or mathematics, obvious on the face of the record and not subject to any ambiguity, for example, misspelling a party's name in the award or miscalculating interest at six percent on a fixed amount for a fixed number of days, and no party wishes to appeal.

... [T]he court may not mold the award beyond the extent it could mold it if it were a verdict of a jury. That standard will be found in ... Maize v. Atlantic Refining Co., 352 Pa. 51, 41 A.2d 850 (1945) [Where it is undisputed that the recorded verdict does not reflect the verdict that the jury intended and where there is no dispute as to what the jury intended, the court may mold the verdict. The court may not substitute its judgment for that of the jury's.].

court's novel theory produced a just result. We reach the same result but through a different route.

■ Since appellee's failure to file its petition within the thirty-day appeal period of Rule 1307(c) apparently stemmed from appellee's reliance upon the advice of a court officer and was not attributable to negligence on the part of appellee, we hold that the lower court was empowered to allow appellee to protest the award after the expiration of the thirty-day appeal period, *i.e.*, the lower court could properly permit an appeal nunc pro tunc. *Bass v. Commonwealth*, 485 Pa. 256, 401 A.2d 1133 (1979); *Gallardy v. Ashcraft*, 288 Pa.Super. 37, 430 A.2d 1201 (1981); *MacKanick v. Rubin*, 244 Pa.Super. 467, 368 A.2d 815 (1976).

Next, appellants argue that the lower court should have dismissed appellee's petition because Pa.R.C.P. No. 1308 requires that a challenge to a compulsory arbitration award be presented in the form of a notice of appeal for a trial de novo.

The Explanatory Note accompanying Rule 1308 states that

[t]he Rules [Pa.R.C.P. Nos. 1307–11] do not continue the practice [in Section 26 of the Act of June 16, 1836, P.L. 715, *as amended*, 5 P.S. § 57] of petitioning to set aside an award for corruption or misbehavior [of the arbitrators]. Hearings or depositions on the petition proceedings could delay the proceedings. Rule 1311(b) creates quasi-judicial immunity for the arbitrators with respect to their official actions and they cannot be called to testify. As a practical matter, if the fraud or corruption were proved, remand and the appointment of a new panel could be the only relief. Trial de novo is preferable since it expedites the proceedings. The court would, of course, have power to punish the attorney-arbitrators involved for any professional misconduct that could be proved.

■ Thus, we agree with appellants that under the civil procedural rules, appellee's proper course for attacking the ex parte arbitration award would have been the filing of a

Rule 1308 notice of appeal for a trial de novo. But a review of the pertinent circumstances of *this case* convinces us that in the interests of justice, the instant appellee should not be denied relief because it filed a petition to open judgment rather than a notice of appeal.

Although the lower court had the authority to grant appellee the opportunity to appeal nunc pro tunc for a trial de novo, the lower court, instead, accepted appellee's petition to open judgment. Having ruled solely on the basis of the parties' petition and answer (no depositions were taken) that appellee satisfied the criteria for opening a default judgment in trespass,[2] the lower court granted appellee's petition to open and thereby put the parties in the posture of having to relitigate the dispute which they had submitted to arbitration. This is precisely the position in which the parties would have found themselves if appellee had initially filed a notice of appeal for a trial de novo. Since appellants have not averred that they have been prejudiced by appellee's actions and the court's response thereto, and since we do not perceive any prejudice evident from the record, we affirm the lower court's order opening the judgment on the arbitration award.[3] *See Briga v. Ken-Tuck Signs, Inc.,* 279 Pa.Super. 537, 421 A.2d 329 (1980); *Menarde v. Southeastern Pennsylvania Transportation Co.,* 224 Pa.Super. 536, 309 A.2d 109 (1973).

Accordingly, we affirm the lower court's order as to the opening of the judgment entered on the arbitration award. We remand this matter for a trial de novo before the lower court in accordance with the applicable rules of civil procedure. Jurisdiction is relinquished.

OLSZEWSKI, J., files dissenting opinion.

**2.** With respect to the standard for opening a default judgment in trespass and appellee's having met said standard in this case, we adopt the pertinent portions of the lower court opinion.

**3.** Our decision in this case should not be read as our condoning general noncompliance with the rules of civil procedure governing compulsory arbitration.

OLSZEWSKI, Judge, dissenting:

I respectfully dissent. The rules anticipate the problem faced by counsel, an award entered in his absence. As the note to Rule 1303(b) makes clear: "[I]f a defendant does not appear, and the court has not ordered a continuance, the arbitrators [shall] proceed to hear the matter and enter an award. *The remedy for dissatisfaction with the award is to appeal.*" Pa.R.C.P.Rule 1303, 42 Pa.C.S.A., Explanatory Note—1981. Rule 1308 prescribes the method for perfecting an appeal from the arbitrators' award. Counsel, failing to follow these rules, has forfeited his client's rights.

The majority seeks to soften this harsh result. Admittedly, our policy favors liberal construction of the rules. *See* Pa.R.C.P., Rule 126, 42 Pa.C.S.A. I am mindful, too, of our Supreme Court's decision in *Brogan v. Holmes Electric Protective Co.*, 501 Pa. 234, 460 A.2d 1093 (1983). I believe, however, that a line must be drawn. In reaching my decision today, I have considered both the equities of the instant case and the need for order in our overcrowded court system. It seems little enough to charge a lawyer with knowledge of the rules.

I would reverse the lower court's order.