556 A.2d 441

**William LOUGH and Margaret Lough, Appellants,**

v.

**Kathryn SPRING, Appellee. (Two Cases)**

Superior Court of Pennsylvania.

Argued Oct. 14, 1988.

Filed March 31, 1989.

---

86

Philip M. Kruger, Fort Washington, for appellants.
Jeffery P. Lewis, West Chester, for appellee.

Before ROWLEY, WIEAND, and BECK, JJ.

BECK, Judge:

Appellants, William and Margaret Lough, appeal from an order quashing their appeal from a compulsory arbitration award to the court of common pleas and refusing to allow the filing of the appeal nunc pro tunc.

The issues before the court are (1) whether a motion to strike a compulsory arbitration award can be deemed to initiate an appeal for a trial de novo in the court of common pleas; and (2) whether a stay of an arbitration award by the court of common pleas will extend the time for filing an appeal from the award.

We conclude that appellants' motion to strike was not in compliance with the rules governing an appeal from a compulsory arbitration award and that the Court of Common Pleas could not properly stay the running of the appeal period. In light of these conclusions, we rule that appellants failed to file a timely appeal from the award and affirm the orders of the trial court quashing the appeal and denying the petition for an appeal nunc pro tunc.

Appellants brought an action in trespass against appellee, Kathryn Spring, as a result of an automobile collision between the parties. The dispute was subject to compulsory arbitration. On December 27, 1984, the arbitration panel found each party fifty percent negligent and gave appellants no award. On December 28, 1984, an award in the amount of no dollars was docketed.

On January 7, 1985, appellants filed with the court of common pleas a motion to strike the arbitration award. The intent of appellants' motion was to have a new arbitration panel hear the case. On January 10, 1985, the court entered a rule to show cause why the motion to strike should not be granted. As part of that rule, the court ordered all proceedings stayed, including the time for appeal. On March 8, 1985, the motion to strike was denied and the stay dissolved as the court of common pleas con-

cluded that an appeal for a trial de novo before the court of common pleas was the sole remedy available to challenge an arbitration award.

On April 8, 1985, appellants filed an appeal for a trial de novo from the award of the arbitration panel. The appeal was quashed as untimely. The court of common pleas ruled that the first ten days of the thirty day appeal period ran from the date of the arbitration decision until the day appellants filed their motion to strike, that the stay had the effect of excluding from the appeal period all the time after the filing of the motion to strike up to the time of the dissolution of the stay, and that the appeal period renewed after the dissolution of the stay. Thus, the court of common pleas found that appellants' appeal of April 8th was filed twenty nine days after the dissolution of the stay and thirty nine days after the beginning of the period for appeal.

### Motion to strike

Appellants first assert that their appeal from the decision of the arbitration panel is not untimely because they filed a motion to strike the arbitration award within ten days of that decision. Appellants argue that the motion to strike should be considered to have initiated the appeal process because it represents only a technical noncompliance with the rules of procedure, appellee would not be prejudiced, appellants acted in good faith in filing the motion and the interests of justice would be best served by allowing the appeal to go forward. We disagree.

■ The procedure for taking an appeal from a compulsory arbitration award is clear. A party to a compulsory arbitration may take an appeal from the award by seeking a trial de novo in the Court of Common Pleas. 42 Pa.Cons. Stat.Ann. § 7361(d). Rule of Civil Procedure 1308(a) provides that an appeal from an arbitration award must be taken "not later than thirty days after the entry of the

award on the docket...."[1]   The *Explanatory Note* to Pa.R.C.P. 1307 states:

These Rules contemplate that the board will disperse after rendering the award, not to reconvene and not to hear any motions or applications to amend modify or change the award.   If any party is dissatisfied with any aspect of the award, *the sole remedy is an appeal for a trial de novo.*   (emphasis added)

The rules provide only one exception to this procedure. Subsection (d) of Rule 1307 provides that the court of common pleas may mold an award where the record discloses obvious errors in either the mathematics or language of the award.   The court's power to mold is specifically limited to correction of such patent errors and is the same as the power of a trial court to mold a jury verdict. Pa.R.C.P. 1307(d).   The rule is aimed at the corrections of formal errors that do not go to the substance and merits of the award.   *Albert v. Denito,* 336 Pa.Super. 284, 485 A.2d 806 (1984).

It is clear that appellants' motion to strike was not in compliance with established procedures for seeking relief from a compulsory arbitration award.   Appellants' motion was neither an appeal for a trial de novo nor an application to mold for correction of a patent mathematical or linguistic error.

Appellants argue, however, that this court has previously held that technical non-prejudicial errors in taking an arbitration appeal that do not affect substantial rights will not bar an appeal from the award, so long as there has been substantial compliance with the appeal requirements.   *Briga v. Ken–Tuck Signs, Inc.,* 279 Pa.Super. 537, 421 A.2d 329 (1980); *Pullium v. Laurel School District,* 316 Pa.Super. 339, 462 A.2d 1380 (1983).   These cases reflect the sentiment of Pa.R.C.P. 126 that calls for a liberal construc-

1. The thirty day period for appeal prescribed in Rule 1308(a) is in accordance with the general thirty day time limitation on bringing an appeal as set forth in 42 Pa.Cons.Stat.Ann. § 5571(b).   *Explanatory Note,* Pa.R.C.P. 1308.

tion and application of the rules of civil procedure and provides "[t]hat the court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties." [2]

Thus, this court would not quash an arbitration appeal where a party failed to follow local rules and attach a superfluous copy of the original complaint when filing the appeal, *Briga v. Ken–Tuck Signs, Inc., supra;* where the errors on appeal amounted to typographical mistakes in the filing, *Menarde v. Southeastern Pennsylvania Transportation Authority,* 224 Pa.Super. 536, 309 A.2d 160 (1973) (court noted interests of justice); and where there was only an error in the amount paid as a filing fee, *Pullium v. Laurel School District, supra.*[3]

■ In the present action, appellants filed a motion to strike the award of the arbitration panel for the purpose of seeking a new arbitration award from a different panel of arbitrators. Only when the motion was denied did they seek a de novo review of the award in the Court of Common Pleas as required by statute and rule. This procedure is not in substantial compliance with proper procedure and represents much more of a deviation therefrom than is found in the cases noted above where relief from that procedure has been granted. Appellants' motion to strike

2. In interpreting the rules of procedure in light of Rule 126, we also remain mindful of Pa.R.C.P. 127(b), which states "[w]hen the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Thus, although the rules are to be liberally construed, a party seeking redress cannot substantially deviate from the clear mandates of the rules for filing an appeal from an arbitration award.

3. Although appellants correctly cite *Wilk v. Girard Bank,* 342 Pa.Super. 488, 493 A.2d 695 (1985), as a case in which this court permitted a deviation from accepted procedures for appealing an arbitration award, that case involved circumstances readily distinguishable from those presented here. The *Wilk* opinion also underscores the proposition that there must be substantial compliance with appellate procedure and as stated therein cannot be read as "condoning general noncompliance with the rules of civil procedure governing compulsory arbitration." *Id.,* 342 Pa.Superior Ct. at 494 n. 3, 493 A.2d at 698 n. 3.

was an attempt to secure a second arbitration of the same matter, thereby avoiding the necessity of a trial de novo in the court of common pleas. Thus, appellants elected an impermissible procedural means to reach an improper end.

We find that appellants' motion to strike was not simply a technical error or a minor procedural deviation coupled with otherwise substantial compliance with the rules of civil procedure. Therefore, we will refuse to overlook this procedural error and we hold that appellants' filing of a motion to strike the arbitrators' award did not constitute substantial compliance with the procedures applicable to the filing of an appeal from such an award.

### Stay of appeal period

■ Appellants second claim is that the filing of an appeal for a trial de novo twenty-nine days after the dissolution of the court order staying the appeal period constituted a timely filing under the thirty day requirement of Pa.R. C.P. 1308(a). We are thus presented with the issues of whether the court of common pleas could stay the period for filing a de novo appeal to that court and whether the dissolution of that stay could start the appeal period running anew. Since we determine that the court of common pleas does not have the power to stay the appeal period while the court considers a motion to strike the award, we necessarily conclude that the dissolution of such a stay does not start the appeal period running anew or, indeed, affect it in any way.

The timeliness of an appeal, whether it is to an appellate court or is for a de novo trial in the court of common pleas, is a jurisdictional matter. Thus, the court of common pleas does not have jurisdiction to hear an arbitration appeal for a trial de novo unless that appeal is timely filed. *See Gallardy v. Ashcraft*, 288 Pa.Super. 37, 430 A.2d 1201 (1981); *Turner v. May Corp.*, 285 Pa.Super. 241, 427 A.2d 203 (1981).

As timeliness is a jurisdictional matter, the court to which the appeal is taken may not enlarge the time for taking an appeal. In the context of appeals to appellate courts, this

limitation is specifically provided in Pennsylvania Rule of Appellate Procedure 105(b). In the same vein, time limitations for filing appeals are strictly construed, *Commonwealth v. Hoskins,* 329 Pa.Super. 226, 478 A.2d 45 (1984), and "the time for taking an appeal cannot be extended as a matter of mere indulgence." *In re In the Interest of C.K.,* 369 Pa.Super. 445, 448, 535 A.2d 634, 636 (1987). Thus, this court has held that:

> once a final order or judgment is entered, an appeal must be filed within thirty days or, the trial court must expressly grant reconsideration within thirty days. If either of these two events do not occur, the judgment is final and except for "extraordinary cause" is not subject to collateral attack by virtue of a petition to open or strike.

*Luckenbaugh v. Shearer,* 362 Pa.Super. 9, 523 A.2d 399 (1987) (en banc), *appeal denied* 518 Pa. 626, 541 A.2d 1138 (1988); *see also Note,* Pa.R.A.P. 1701 (once appeal has been taken only a grant of reconsideration will affect the appeal period; an order staying all proceedings has no tolling effect).

In the context of an appeal from an arbitration award, the rules of procedure are equally clear. As stated above, upon the rendering of the award, the panel of arbitrators must disperse and they have no authority to reconsider or modify the award. *See Explanatory Note,* Pa.R.C.P. 1307. Unlike in the case of a trial court which can halt the running of an appeal period by expressly granting reconsideration of its order within the thirty day appeal period, or can thereafter entertain a petition to open or strike for extraordinary cause, a board of arbitrators has no power over its own award once the award is entered. Only the court of common pleas can then act on the award and its powers are clearly limited by the rules of civil procedure. As is outlined above, the court of common pleas can act in two ways. First, it can conduct a trial de novo upon the filing of a timely appeal. Second, it can act pursuant to Rule 1307(d), which allows the court of common pleas to entertain an

application to mold the award to correct an "obvious and unambiguous error in the award in mathematics or language ..." Pa.R.C.P. 1307(d). Importantly, it is *only* in the context of an application to mold that the rules provide for a stay of the appeal period. Rule 1307(d) specifically provides that the filing of an application to mold will "stay all proceedings including the running of the thirty day period for appeal until disposition of the application by the court." The rules do not otherwise grant the court of common pleas any power to hold the appeal period in abeyance.

We can only conclude, therefore, that the powers of the court of common pleas as to arbitration awards and appeals therefrom are strictly limited to either conducting a de novo trial of the matter upon the filing of a timely appeal,[4] or to entertaining an application to mold, which automatically stays the appeal period. We find no authority in the court of common pleas otherwise to stay the running of the appeal period and, therefore, enlarge its own jurisdiction to act on an arbitration award.

In light of this conclusion, we find that the stay entered by the Court of Common Pleas had no effect on the time for filing an appeal. Therefore, appellants' filing of an appeal for a trial de novo on April 8, 1985 exceeded the thirty day appeal period that began with the arbitration award of December 28, 1984. As we find that the stay had no effect, we need not address the issue of what effect the stay would have had on the calculation of the appeal period.

### Nunc pro tunc appeal

■ Appellants finally assert that they should be allowed to appeal nunc pro tunc under the nonnegligent failure to file exception to the requirement of a timely filed appeal. *Bass v. Commonwealth*, 485 Pa. 256, 401 A.2d 1133 (1979); *In re In the Interest of C.K., supra.* We find no abuse of discretion in the court of common pleas' refusal to grant

4. Of course, we do not insinuate that the court of common pleas is without power to grant leave to file an appeal from an arbitration award nunc pro tunc, under appropriate circumstances. *See, e.g., Gallardy v. Ashcraft, supra.*

94

appellants leave to file their appeal nunc pro tunc. Under the circumstances of this case, where appellants' own act in avoiding the clear procedural requirements for seeking relief from an arbitration award was the initial cause of all their difficulties, and where even after the court of common pleas lifted its improper stay the appellants waited an additional month before filing their appeal, there are no grounds for granting appellants the extraordinary relief provided for in *Bass*.

For all of the foregoing reasons, we affirm the orders of the Court of Common Pleas quashing the appeal as untimely and denying the petition for an appeal nunc pro tunc.

Orders affirmed.