J-S49013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| HERBERT HENNIGAN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| PROGRESSIVE CASUALTY INSURANCE COMPANY | |
| Appellant | No. 3570 EDA 2015 |

Appeal from the Order October 20, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 140305646

BEFORE:  PANELLA, J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, J.                    **FILED AUGUST 05, 2016**

Appellant, Progressive Casualty Insurance Company ("Progressive"), appeals from the order entered in the Court of Common Pleas of Philadelphia, which denied its petition to open/strike the $25,000 judgment entered in favor of Herbert Hennigan ("Hennigan"). We affirm.

The relevant factual and procedural history is as follows. Hennigan initiated this action by filing a complaint seeking underinsured motorist benefits from Progressive. In the complaint, Hennigan averred that he was injured in a motor vehicle accident due to the negligence of David Luchsinger, Sr. Hennigan further alleged that although his claim against Luchsinger settled for Luchsinger's liability policy limit of $25,000, that sum

---

[*] Former Justice specially assigned to the Superior Court.

was far below the value of his actual damages. Progressive subsequently filed an answer with new matter, in which it asserted that it was entitled to a reduction and/or molding of any verdict in order to account for compensation already received by Hennigan.

This dispute was subject to compulsory arbitration. On December 22, 2014, the arbitrators entered a $25,000 award in favor of Hennigan and against Progressive. Importantly, the arbitrators had no knowledge of the $25,000 Luchsinger settlement. Thereafter, Progressive requested that Hennigan stipulate to reducing the arbitration award from $25,000 to $0, on the basis that the award was subject to molding and Progressive was entitled to a third-party settlement credit of $25,000. Hennigan refused to execute the stipulation. Neither party appealed the arbitrators' award.

On September 3, 2015, Hennigan filed a "Praecipe to Enter Judgment on Award of the Arbitrators." On that same day, the trial court granted Hennigan's petition and entered judgment against Progressive for the full arbitration award amount of $25,000. On September 16, 2015, Progressive filed a petition to open/strike the judgment, in which it asserted that the $25,000 arbitration award represented the "gross award" due to Hennigan. **See** Petition to Open/Strike Judgment, 9/16/15, at 3. Thus, Progressive maintained that the arbitration award should have been molded to $0 in order to account for the $25,000 that Hennigan received from the Luchsinger settlement. **See id**. The trial court denied Progressive's petition,

as well as its subsequent motion for reconsideration. This timely appeal followed.

On appeal, Progressive argues that the trial court erred in denying its petition to open/strike the judgment. Specifically, Progressive asserts that the arbitration award should have been molded so that Progressive received credit for the $25,000 that Hennigan received from the Luchsinger settlement. *See* Appellant's Brief, at 10. Progressive alleges that the arbitration award represented the total damages due to Hennigan, not the amount due to him in underinsured motorist benefits. *See id*., at 10-11. On that basis, Progressive contends that Hennigan should not be permitted to recover twice for the same injury. *See id*.

The procedure for taking an appeal from a compulsory arbitration award is clear. The only recourse for a party challenging a compulsory arbitration award is to file an appeal for a trial *de novo* with the Court of Common Pleas. *See* 42 Pa.C.S.A. § 7361(d); *Lough v. Spring*, 556 A.2d 441, 442 (Pa. Super. 1989). The only exception to this procedure is that a court may mold an award where the record discloses obvious errors in either the mathematics or language of the award. *See* Pa.R.C.P. 1307(d). This rule, however, is aimed only at the correction of patent errors that do not go to the substance and merits of the award. *See Lough*, 556 A.2d at 443.

A party challenging a compulsory arbitration award must file an appeal within 30 days of the date when the award becomes final. *See* Pa.R.C.P. 1308(a)(1). "[A] compulsory arbitration award becomes final and appealable

after the arbitrators forward the award to the prothonotary and the award is entered on the docket pursuant to 42 Pa.C.S.A. § 7361(d)." ***Stivers Temporary Personnel, Inc. v. Brown***, 789 A.2d 292, 293 (Pa. Super. 2001).

In the instant case, the prothonotary entered the compulsory arbitration award on the docket on December 23, 2014, after providing notice to the parties. On that date, the award took the force and effect of a final judgment. ***See id***. Thus, from that point forward, the only avenue for Progressive to challenge the award was to appeal to the Court of Common Pleas for a trial *de novo* within 30 days. ***See*** Pa.R.C.P. 1308(a)(1); ***Lough***, 556 A.2d at 442. Progressive never filed a petition for a trial *de novo*. Instead, on September 16, 2015, Progressive filed a petition to open/strike the judgment.

Clearly, Progressive failed to follow the proper appeal procedure when it filed a petition to open/strike the judgment, instead of seeking a trial *de novo*. For that reason alone, Progressive's appeal must fail.[1] We further note that the limited exception under Pa.R.C.P. 1307(d) is inapplicable because Progressive did not ask the court to correct a simple typographical or mathematical error in the arbitration award. Instead, it petitioned the court

---

[1] Even if Progressive had instead filed an appeal for a trial *de novo*, its petition was untimely, as it was filed well past the 30-day appeal period set forth in Pa.R.C.P. 1308(a)(1). Consequently, the trial court would not have had jurisdiction to consider it.

to reduce the judgment against it to $0. Because such relief involves a substantive change to the award, it is not the type of relief available under Pa.R.C.P. 1307.

Based on the foregoing, we conclude that the trial court properly denied Hennigan's petition to open/strike the judgment. Accordingly, we affirm the trial court's order.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/5/2016