J-S09013-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ANGELIKA TACHONY AND TATSIANA FILITOVICH | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LM GENERAL INSURANCE COMPANY | : | |
| | : | No. 1902 EDA 2023 |
| Appellant | : | |

Appeal from the Order Entered June 29, 2023
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 220402498

BEFORE: PANELLA, P.J.E., NICHOLS, J., and BECK, J.

MEMORANDUM BY PANELLA, P.J.E.: **FILED JUNE 18, 2024**

LM General Insurance Company ("LM") appeals from the order entered in the Court of Common Pleas of Philadelphia, which denied its motion to mark judgment satisfied or, in the alternative, to open/strike judgment on an arbitration award and to mold the arbitration award. We affirm.

The trial court aptly provided the relevant factual and procedural history:

On or about March 17, 2020, a driver rear-ended the car being driven by Ms. Tachony. Ms. Filitovich was a passenger in Ms. Tachony's car. The driver of the other vehicle, Lei Chen, was underinsured. Both Ms. Tachony and Ms. Filitovich suffered injuries in the accident. At the time of the accident, Ms. Tachony was insured by [LM]. The policy provided underinsured motorist coverage to the insured (Ms. Tachony) and her passenger (Ms. Filitovich).

On April 28, 2022, Ms. Tachony and Ms. Filitovich initiated this action against [LM] for breach of contract seeking

underinsured motorist coverage. The case was assigned to the compulsory arbitration program pursuant to [Pa.R.C.P.] 1301, et seq. On March 2, 2023, following an arbitration hearing, the panel awarded Ms. Tachony the amount of $12,000, and Ms. Filitovich the amount of $31,000.

On April 6, 2023, Ms. Tachony and Ms. Filitovich entered judgment on the docket. On May 18, 2023, [LM] filed a motion to mark judgment satisfied or, in the alternative, to open/strike judgment and to mold the arbitration award, which [Ms. Tachony and Ms. Filitovich] opposed.

[LM] contended that the insurance policy issued to Ms. Tachony required the award to be molded to ensure that [LM] would not be "double" paying for the injuries suffered by Ms. Tachony and Ms. Filitovich, as Ms. Tachony and Ms. Filitovich had previously obtained an arbitration award against Ms. Chen.

Earlier, on March 8, 2021, Ms. Tachony and Ms. Filitovich had commenced the arbitration action against Ms. Chen []. On January 3, 2022, the arbitrators entered an award in favor of Ms. Tachony and against Ms. Chen in the amount of $19,319, and an award in favor of Ms. Filitovich and against Ms. Chen in the amount of $22,548. Ms. Chen was insured under a policy that provided bodily injury coverage of up to $25,000 per person and $50,000 per accident. Ms. Tachony and Ms. Filitovich obtained [LM]'s consent to settle with Ms. Chen in the amount of $15,000 for Ms. Tachony and $22,548 for Ms. Filitovich. In exchange, [LM] waived any subrogation claim and indicated that it would take a credit of $25,000 per person for Ms. Chen's full liability limits. Following an appeal filed by Ms. Chen, that case was marked settled on March 1, 2022.

In its motion to this Court, [LM], relying on its insurance policy with Ms. Tachony, argued that [LM]'s underinsured obligations had to be reduced by the Plaintiffs' settlement with Ms. Chen, which included the $25,000 "credit" against the full value of Ms. Chen's policy. The result, [LM] argued, was that it owed nothing to Ms. Tachony because the amount of the award, $12,000, was fully covered by Ms. Chen's $25,000 policy limit, and that it owed $6,000 to Ms. Filitovich as the $31,000 award in her favor exceeded Ms. Chen's $25,000 policy limit by that amount.

On June 29, 2023, this Court entered an order denying [LM]'s motion.

Trial Court Opinion, 10/3/23, at 2-4. This timely appeal followed.

LM raises two issues, which may be succinctly combined into one claim of error: the trial court erred in not granting LM's motion to mark judgment satisfied or, in the alternative, to open/strike judgment on arbitration award and to mold the arbitration award. LM asserts that it was entitled to have the judgment marked as satisfied or molded so that they received the $25,000 credit for each plaintiff as they assert was agreed upon with the Ms. Chen settlement. **See** Appellant's Brief, at 17, 21. According to LM, based upon the arbitration award, they only owed Ms. Filitovich $6,000, which they paid. **See id.** at 9, 12. LM asserts that to find otherwise would give each plaintiff a duplicate payment. **See id.** at 9, 12, 17, 26.

We review a motion to mark a judgment satisfied for an abuse of discretion. **See Gallagher v. Sheridan**, 665 A.2d 485, 486 (Pa. Super. 1995). We also review a trial court's decision to vacate or strike an arbitration award for an abuse of discretion. **See Conner v. DaimlerChrysler Corp.**, 820 A.2d 1266, 1269 (Pa. Super. 2003); **PennEnergy Resources, LLC v. Winfield Resources, LLC**, 301 A.3d 439, 452 n.17 (Pa. Super. 2023). An abuse of discretion is shown where "the law has been overridden or misapplied, or that the judgment exercised by the [c]ourt was manifestly unreasonable or motivated by partiality, prejudice, bias[,] or ill-will." **Gallagher**, 665 A.2d at 486 (citations omitted).

The trial court found that LM did not timely file its motion. **See** Trial Court Opinion, 10/3/23, at 5. We agree. The parties here proceeded to compulsory arbitration pursuant to 42 Pa.C.S.A. § 7361, as the matter in controversy was less than $50,000. **See** 42 Pa.C.S.A. § 7361(b)(2).

> Pursuant to the authority granted to it by section 7361, the Supreme Court has promulgated a series of rules of civil procedure governing matters falling within the ambit of compulsory arbitration. Under these rules, the board of arbitrators are to conduct arbitration hearings as a judge would conduct a trial without a jury. The board rules on legal matters as well as factual matters, as would a judge sitting without a jury. The board is required to make an award promptly upon termination of the hearing. That award shall dispose of all claims for relief.

**Conner**, 820 A.2d at 1269 (citations and quotation marks omitted).

The procedure for appealing an award entered pursuant to compulsory arbitration is clear and unambiguous. **See Lough v. Spring**, 556 A.2d 441, 442 (Pa. Super. 1989). "A party to a compulsory arbitration may take an appeal from the award by seeking a trial *de novo* in the Court of Common Pleas … not later than thirty days after the entry of the award on the docket." **Id.** (citing 42 Pa.C.S.A. § 7361(d) and Pa.R.C.P. 1308(a)). Alternatively, the party may seek to mold the award "[w]here the record and the award disclose an obvious and unambiguous error in the award in mathematics or language[.]" Pa.R.C.P. 1307(d). That request to mold must be filed within the same thirty-day appeal window. **See id.**

> The timeliness of an appeal, whether it is to an appellate court or is for a *de novo* trial in the court of common pleas, is a jurisdictional matter. Thus, the court of common pleas does not

- 4 -

have jurisdiction to hear an arbitration appeal for a trial *de novo* unless that appeal is timely filed.

***Lough***, 556 A.2d at 444 (citations omitted).

Here, LM did not file its motion until 77 days after the arbitrators issued their awards. The prothonotary entered the compulsory arbitration award on the docket on March 2, 2023, and notice was given that same day. **See** Report and Award of Arbitrators, 3/2/23, at 2 (pagination added). Notably, the award cites to Pa.R.C.P. 1308 and states that "[a]wards in cases not appealed will become final upon expiration of the appeal time." ***Id.*** Ms. Tachony and Ms. Filitovich filed a praecipe to enter judgment on April 6, 2023. **See** Praecipe to Enter Judgment, 4/6/23. The prothonotary entered judgment and notice was given that same day.

Another 42 days passed before LM filed their motion on May 18, 2023. Notably, the motion LM filed was not a valid motion to mold judgment, as there was no patent error in the mathematics or language of the arbitrators' award. LM sought to have the award modified by taking the credit they believe they were entitled to after Ms. Tachony and Ms. Filitovich settled with Ms. Chen. **See** Motion, 5/18/23, at 3 (pagination added). As we were not provided with a transcript from the arbitration hearing, we do not know if this claim had been raised and litigated at that hearing. LM simply claims that they are entitled to compute this credit and that the computation is "self-executing." Appellant's Brief, at 15. We disagree that this credit is self-executing. It is a matter of law that the arbitration panel should have decided. **See Conner**,

- 5 -

820 A.2d at 1271 (holding that the question of attorneys' fees should have been presented to the arbitration panel as the "compulsory arbitration statute could not be clearer in mandating that 'matters or issues' subject to compulsory arbitration '*shall* first be submitted to and heard by a board' of arbitrators.") (citation omitted; emphasis in original). If the panel did not decide this issue or LM believes the panel decided the issue incorrectly, LM was entitled to appeal for a trial *de novo* to assert their entitlement to this credit. ***See Blucas v. Agiovlasitis***, 179 A.3d 520, 527 (Pa. Super. 2018) (holding that even where the arbitrators made an error of law, the proper procedure is to timely appeal for a trial *de novo* in the Court of Common Pleas). As LM did not file a timely appeal, the trial court properly denied LM's motion as it was without jurisdiction to hear the appeal. ***See Lough***, 556 A.2d at 444; Trial Court Opinion, 10/3/23, at 5. Accordingly, we affirm the trial court's order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/18/2024

- 6 -