October 31, 1997

1-96-2199

BERNARD AKPAN, ) Appeal from the 

) Circuit Court of

Plaintiff-Appellee, ) Cook County.

)

v. ) Honorable

) Sidney A. Jones, III

DILARAM SHARMA, ) and

) Wayne D. Rhine,

Defendant-Appellant. ) Judges Presiding.

PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

Defendant Dilaram Sharma appeals the circuit court's orders requiring the parties to participate in a second mandatory arbitration hearing, barring Sharma from rejecting the second arbitration award, and entering judgment in favor of plaintiff, Bernard Akpan.  For reasons which follow, we reverse and remand.

Akpan sued Sharma after the car he was driving on November 1, 1992, was struck by a car owned and operated by Sharma, causing his injuries and damages.  Akpan filed suit against Sharma two months later, on January 8, 1993.  Sharma filed his answer, affirmative defense, production requests, interrogatories, and notice of deposition on February 4, 1993.  The written discovery was to be completed within 28 days.  Two Supreme Court Rule 201(k) (143 Ill. 2d R. 201(k)) requests were made by Sharma; Akpan failed to respond.  In an order dated May 3, 1993 (May 3 order),  the circuit court ordered Akpan to comply with the discovery requests within 14 days, or "be barred from testifying at trial or arbitration."  Akpan failed to comply with the May 3 order.  In addition, according to an affidavit contained in the record, Akpan twice failed to appear for his deposition, the first of which was scheduled for June 2, 1993, and the second July 22, 1993.

Thereafter, the matter was referred to arbitration.  Both parties personally appeared at the hearing, held on October 21, 1993.  Although Akpan was awarded $2,300, he did not testify pursuant to the May 3 order barring him from doing so.  Sharma subsequently rejected the award, and the case was scheduled for trial on four different dates:  June 10, 1994; November 7, 1994; March 13, 1995; and January 11, 1996.  Two and one-half years after entry of the May 3 order, on October 12, 1995, during the period the case was being set and reset for trial, Akpan sought to have the May 3 order reconsidered.  Akpan ignored his own notices for hearing on his reconsideration motion three times; it was stricken twice and reset for hearing a third time in Akpan's absence.  Finally, on December 14, 1995, Akpan's counsel claimed they could not comply with the May 3 order because Akpan moved during that time without giving counsel his new address and telephone number.  Akpan filed this latter motion before a judge different than the one that issued the May 3 order.  Although the record does not contain the order resolving this motion, the court apparently granted the motion because it then scheduled a second arbitration hearing, and enabled Akpan to testify.  On February 23, 1996, the second arbitration hearing was held.  Sharma's attorney attended the hearing on his behalf.  The arbitrators entered an award in favor of Akpan in the amount of $3,500.

Akpan moved for judgment in his favor in the amount of the second arbitration award, arguing that Sharma should be barred from rejecting the award because he did not appear personally at the second arbitration proceeding.  The basis for this contention was that Akpan served Sharma with a Supreme Court Rule 237 notice to be present at the first arbitration, with which he complied.  Nothing in the record, however, shows that any order was sought by Akpan or entered by the circuit court to have the previous notice stand for the second arbitration hearing or that a subsequent notice was ever filed.  The court denied Sharma's request for time to file a written response to the motion, granted Akpan's motion, and entered judgment in favor of Akpan in the amount of $3,500.  Sharma unsuccessfully moved for reconsideration of the order and judgment.  He appeals.

Sharma first asserts that the circuit court was not authorized to order the second arbitration hearing.  The record does not contain this order, now allowing Akpan to testify, nor is any reason shown for effectuating this change.  Although it is the duty of the appellant to provide an adequate record for review by the appellate court, if the record provided is sufficient to disclose any errors of which the appellant complains, and the issues can be resolved on the record as it stands, the propriety of the circuit court's order can be considered on appeal.  
Landau & Associates, P.C. v. Kennedy
, 262 Ill. App. 3d 89, 92, 634 N.E.2d 373 (1994).  Here, the record contains the arbitration panels' decisions from both proceedings, and provides other documentation in the record sufficient for review. 

The Supreme Court Rules relating to mandatory arbitration were promulgated pursuant to section 2-1001A of the Code of Civil Procedure.  735 ILCS 5/2-1001A (West 1994).  The introductory comments to these Rules (134 Ill. 2d Rs. 86, 87, Introductory Comments) explain that such proceedings are intended to provide a "feasible vehicle for an early, economical, and fair resolution of monetary disputes."  Moreover, the committee comments to Rule 86 (155 Ill. 2d R. 86, Committee Comments) state that when parties use arbitration proceedings to resolve some civil disputes, "considerable cost savings could be achieved if such matters could be resolved at a two or three hour hearing as compared to a two- or three-day trial to a jury."  Rule 86(e) also makes applicable the Code of Civil Procedure and the rules of the Supreme Court to arbitration proceedings.  155 Ill. 2d R. 86(e).  

Rule 89 authorizes discovery in arbitration cases in accordance with established rules which "shall be completed prior to the hearing in arbitration," and shall comport with the requirements of Rule 222.  143 Ill. 2d R. 89.  Rule 222(a) makes the provisions of that rule applicable to mandatory arbitration proceedings.  155 Ill. 2d R. 222(a).  Rule 219 sets forth the authority of the circuit court to enter sanctions for failure to comply with the rules or orders relating to discovery.  143 Ill. 2d R. 219.  

Rule 92 (155 Ill. 2d R. 92) provides that at the close of the arbitration hearing, the panel presiding over the hearing shall issue an award and "dispose of all claims for relief."  Under Rule 93 (145 Ill. 2d R. 93), any party present at the arbitration hearing, either in person or through counsel, may file a written notice of rejection of the award and request that the case proceed to trial.  

These rules were modelled, in part, on compulsory arbitration laws enacted in the state of Pennsylvania.  134 Ill. 2d at 88-90.  The Pennsylvania Rules of Civil Procedure provide that a party may challenge an arbitration award by filing a notice of appeal to the trial court.  42 Pa. Cons. Stat. Ann. R. 1308 (1994).  Under the Pennsylvania Rules, "[i]f any party is dissatisfied with any aspect of the award, the sole remedy is an appeal for a trial de novo."  42 Pa. Cons. Stat. Ann. R. 1307, Explanatory Note (1994).  A rules committee note to Rule 1308 (42 Pa. Cons. Stat. Ann. R. 1308, Rules Committee Note (1994)) states that previously, parties could also petition to set aside an arbitration award in specific circumstances, but an amendment to Rule 1308 eliminated that procedure, because a "[t]rial de novo is preferable since it expedites the proceedings," and "[h]earings or depositions on the petition proceedings could delay the proceedings." 

Two Pennsylvania decisions interpreting the mandatory arbitration rules reinforced the principle that the only way to attack an arbitration award is to appeal the award and request a trial.  
Lough v. Spring
, 383 Pa. Super. 85, 556 A.2d 441 (1989); 
Wilk v. Girard Bank
, 342 Pa. Super. 488, 493 A.2d 695 (1985).  In 
Lough
, plaintiffs moved to strike an arbitration award, intending to seek a second arbitration hearing.  The court determined that this motion did not comply with stated procedures for appealing a compulsory arbitration award, explaining that plaintiffs should have requested a trial instead of a second hearing.  
Lough
, 556 A. 2d at 442.  The 
Wilk
 court also determined that the proper way to attack an arbitration award was to file a notice of appeal and ask for a trial 
de
 
novo
.  
Wilk
, 493 A. 2d at 698.

The Illinois Rules similarly establish one procedure for challenging awards entered in mandatory arbitration proceedings:  a party must file a notice of rejection 
of the award and request a trial.  As a limited exception, parties who fail to appear at an arbitration hearing may file a petition to vacate the judgment pursuant to sections 2-1301 and 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1301, 1401 (West 1994)).  In such cases, the circuit court "may order the matter for rehearing in arbitration."  145 Ill. 2d R. 91(a).  The Rules do not, however, authorize parties to file motions for reconsideration of the award, or to set aside, or vacate the award for other reasons.  Such procedures would delay resolution of the case, which runs counter to the stated intent of the drafters of the mandatory arbitration rules, as well as the effect of implementing an early, economical and fair resolution of such a dispute.  

In the present case, by ordering a second hearing instead of allowing the case to proceed to trial after Sharma rejected the first award, the circuit court overlooked the intent and anticipated effect of the arbitration procedures, made even more egregious by not directing that the case be retried on one of the four dates for which trial was set after Sharma rejected the first award.  The policy underlying the entire procedure thereby was circumvented.  The second hearing should not have taken place; the award issued at the end of that hearing was unauthorized, was in error, is not binding upon Sharma, and is reversed.

The case cited by Akpan, 
Moon v. Jones
, 282 Ill. App. 3d 335, 668 N.E.2d 67 (1996), is not on point.  The circuit court in that case ordered a second arbitration hearing after plaintiff there petitioned to vacate the judgment pursuant to Rule 91(a).  Plaintiff in 
Moon
 had absented herself from the first arbitration hearing, which resulted in her debarment from rejecting the award under Rules 90(g) and 91(b).  155 Ill. 2d Rs. 90(g), 91(b).  The circuit court granted plaintiff's Rule 91(a) petition to vacate judgment entered on an award in favor of defendant and granted a rehearing; however, as the appellate court reasoned, the circuit court improperly barred plaintiff from rejecting future arbitration awards, whether plaintiff participated in the hearings in good faith or not.  
Moon
, 282 Ill. App. 3d at 337, 338.  In the present case, the May 3 order specifically barred Akpan from testifying at trial or arbitration for repeated violations of discovery rules and procedures and for failure to obey a court order requiring compliance with continuing discovery requests.  The debarment order was not entered for Akpan's failure to attend an arbitration hearing under Rule 91(a), but for repeated failure to comply with discovery rules and a court order directing that he do so, as authorized by Rule 219.  Significantly, nothing in the record shows that Akpan was required to produce requested discovery and appear for his deposition prior to the arbitration hearing, which thereby would have ameliorated the situation underlying entry of the May 3 order.  The procedure followed by the circuit court had the effect also of overriding the requirement of discovery completion before hearing, as provided by Rule 86. 

For the foregoing reasons, the decision of the circuit court ordering a second arbitration hearing under these circumstances, and barring Sharma from rejecting the award entered in that hearing, is reversed, and this cause is remanded for proceedings not inconsistent with this opinion.

Reversed and remanded.

HOFFMAN and SOUTH, JJ., concur.