AMY GUIDER *et al.*, Plaintiffs-Appellees, v. LOLA McINTOSH *et al.*, Defendants-Appellants.

First District (2nd Division)   No. 1—96—3163

Opinion filed December 23, 1997.

Parrillo, Weiss & O'Halloran, of Chicago (Keely Truax and M. Kathleen McHugh, of counsel), for appellants.

Heller & Richmond, Ltd., of Chicago (Steven J. Ross, of counsel), for appellees.

PRESIDING JUSTICE McNULTY delivered the opinion of the court:

Plaintiffs Amy Guider, Patricia Guider and Anzola Oliphant brought suit against defendants Lola McIntosh and Precious McIntosh, to recover damages for injuries plaintiffs sustained in an automobile collision with defendants. Defendants appeal from trial court orders sending their case to a second arbitration and barring them from rejecting the arbitrator's award from the second hearing. We reverse and remand.

The first mandatory arbitration of this case was held January 19, 1996. The arbitrator entered an award in favor of plaintiffs in the amount of $2,384 to Amy Guider, $2,452 to Patricia Guider and $2,860 to Anzola Oliphant. Defendants filed their rejection of the award on January 30, 1996.

On February 8, 1996, defendants filed a motion to vacate the arbitration award, enter judgment in favor of defendants, and obtain a refund of their rejection fee. The basis of the defendants' motion was that the arbitrators violated a trial court order that barred plaintiffs from introducing evidence at the arbitration hearing due to plaintiffs' failure to appear for their depositions. On February 20, 1996, the trial court entered an order striking the evidence plaintiffs

introduced at the arbitration hearing, vacating the arbitration award and entering judgment in favor of defendants. The court also ordered plaintiffs to refund defendants' $200 rejection fee.

On March 11, 1996, plaintiffs filed a motion asking the trial court to reconsider the court's order of February 20, 1996, arguing that their failure to appear for their depositions was due to defendants' lack of diligence. Plaintiffs' motion asked for the reinstatement of the arbitration award of January 19, 1996. On April 11, 1996, the court vacated the judgment in favor of defendants and set the case for a second arbitration.

On July 23, 1996, the second mandatory arbitration was held. Defendants were not present at the arbitration, but their counsel was present. The arbitrators entered an award in favor of plaintiffs in the amounts of $3,000 to Amy Guider, $3,300 to Patricia Guider and $4,000 to Anzola Oliphant.

On July 30, 1996, plaintiffs filed a motion to bar defendants from rejecting the arbitration award of July 23, 1996, on the basis that defendants were not present at the second arbitration hearing. On August 7, 1996, the trial court granted plaintiffs' motion and entered judgment in favor of plaintiffs.

Defendants claim on appeal that the trial court exceeded its authority when it ordered a second arbitration hearing and erred in barring defendants from rejecting the second arbitration award.

The issue of whether a trial court has authority to order a second arbitration hearing was recently addressed by the court in *Akpan v. Sharma*, 293 Ill. App. 3d 100 (1997). In *Akpan*, both parties appeared at the first arbitration hearing, but, pursuant to a court order, plaintiff was not permitted to testify at the hearing. The arbitrators, nonetheless, entered an award in favor of plaintiff. Defendant rejected the award and the case was set for trial. Plaintiff then sought to have the order barring him from testifying at the arbitration hearing reconsidered. The trial court granted plaintiff's motion to reconsider and scheduled a second arbitration in which plaintiff was permitted to testify. Defendant did not attend the second arbitration hearing, but his attorney did appear. At the conclusion of the second arbitration hearing, the arbitrators entered an award in favor of plaintiff that was larger than the first arbitration award. Plaintiff moved for judgment in his favor in the amount of the second arbitration award, claiming that defendant should be barred from rejecting the award since he did not appear at the second arbitration hearing. The trial court granted plaintiff's motion and entered judgment in favor of plaintiff in the amount of the second award.

The defendant in *Akpan* argued on appeal that the trial court

was not authorized to order a second arbitration hearing. The court noted:

> "The Illinois rules *** establish one procedure for challenging awards entered in mandatory arbitration proceedings: a party must file a notice of rejection of the award and request a trial. [145 Ill. 2d R. 93(a).] As a limited exception, parties who fail to appear at an arbitration hearing may file a petition to vacate the judgment pursuant to sections 2—1301 and 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1301, 2—1401 (West 1994)). In such cases, the circuit court 'may order the matter for rehearing in arbitration.' 145 Ill. 2d R. 91(a). The rules do not, however, authorize parties to file motions for reconsideration of the award, or to set aside or vacate the award for other reasons. Such procedures would delay resolution of the case, which runs counter to the stated intent of the drafters of the mandatory arbitration rules, as well as the effect of implementing an early, economical and fair resolution of such a dispute." *Akpan*, 293 Ill. App. 3d at 104.

The *Akpan* court thus concluded that the trial court, in ordering a second arbitration hearing, rather than allowing the case to proceed to trial after defendant rejected the first arbitration award, circumvented the intent and anticipated effect of the arbitration procedures. The court thus held that the second hearing should not have taken place and reversed the second award entered in plaintiff's favor and remanded for further proceedings. See also *Lough v. Spring*, 383 Pa. Super. 85, 556 A.2d 441 (1989) (proper procedure for appealing a compulsory arbitration award is to request a trial, not to request a second arbitration hearing).

We find *Akpan* persuasive and likewise find that the second arbitration hearing in the instant case was improperly ordered. On January 30, 1996, defendants filed a rejection of the first arbitration award. Then, on February 9, 1996, defendants filed a motion to vacate the arbitration award and enter judgment in defendants' favor. Defendants claimed that a vacatur of the award was warranted since the arbitrators violated a court order that barred plaintiffs from introducing evidence at the arbitration hearing. On February 20, 1996, the trial court entered an order striking the evidence plaintiffs introduced at the arbitration hearing, vacating the arbitration award and entering judgment in favor of defendants. On March 11, 1996, plaintiffs filed a motion asking the court to reconsider the court's order of February 20, 1996, and to reinstate the arbitration award on January 19, 1996. On April 11, 1996, the trial court vacated the judgment in favor of defendants and ordered a second arbitration hearing.

■ Supreme Court Rule 93(a) (145 Ill. 2d R. 93(a)) provides that

any party who was present at the arbitration hearing may file a rejection of the arbitration award and request to proceed to trial. The court only has discretion to order a second arbitration hearing in one circumstance: when one party did not attend the arbitration hearing and has filed a motion to vacate the judgment entered on the arbitration award. 145 Ill. 2d R. 91(a).

The defendants here filed a timely rejection of the first arbitration award. However, the defendants also filed a motion to vacate that award. The trial court, however, had no authority to vacate the arbitration award since plaintiffs and defendants all attended the first arbitration hearing. Thus, the February 20, 1996, trial court order vacating the first arbitration award and entering judgment in favor of defendants was void, as was the trial court's April 11, 1996, order vacating the judgment that had been entered in favor of defendants and ordering a new arbitration hearing. With those orders being void, we are left with defendants' timely rejection of the first arbitration award. In light of defendants' rejection of the first arbitration award, the proper procedure is for this case to proceed to trial.

Defendants claim that *Moon v. Jones*, 282 Ill. App. 3d 335, 668 N.E.2d 335 (1996), stands for the proposition that the trial court has the discretion to order a second arbitration hearing. Defendants, however, misinterpret *Moon*. First, it should be noted that the facts in *Moon* are different from those presented here. In that case neither plaintiff nor her counsel appeared at the first arbitration hearing. An arbitration award was entered in favor of defendant. Plaintiff filed a motion to vacate the judgment pursuant to Supreme Court Rule 91(a) (134 Ill. 2d R. 91(a)). Under those circumstances, the trial court had the authority to order a second arbitration hearing.

In the instant case, both parties were present at the first arbitration hearing. Thus, the trial court did not have the discretion under the circumstances here to order a second arbitration hearing.

Furthermore, the issue in *Moon* was not whether the court properly ordered a second arbitration hearing, but whether the trial court exceeded its authority in barring plaintiff from rejecting future arbitration awards, regardless of whether plaintiff attended those hearings or participated in good faith. The court in *Moon* determined that once the trial court gives the litigant another chance by ordering a new arbitration hearing, it may not bar that litigant from rejecting the future award. That holding clearly is not relevant here.

We therefore conclude that the trial court in the instant case had no authority to order a second arbitration hearing. Accordingly, we reverse the judgment entered on the arbitrator's award from that

940

second hearing and we remand for further proceedings consistent with this opinion.

Reversed and remanded.

RAKOWSKI and TULLY, JJ., concur.