2026 IL App (1st) 250512-U

No. 1-25-0512

Order filed June 12, 2026

FIFTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| CB CHICAGO PARTNERS, LTD., | ) | Appeal from the |
| | ) | Circuit Court of Cook County, |
| Plaintiff-Appellee, | ) | Law Division. |
| | ) | |
| v. | ) | No. 2023 L 009112 |
| | ) | |
| REGINA HARRISON and PATRICE | ) | Honorable |
| WILLIAMS, | ) | Daniel J. Kubasiak, |
| | ) | Judge, presiding. |
| Defendants | ) | |
| | ) | |
| (Patrice Williams, Defendant-Appellant). | ) | |

PRESIDING JUSTICE MITCHELL delivered the judgment of the court.
Justice Mikva and Justice Oden Johnson concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court did not abuse its discretion in dismissing defendant's petition for relief from judgment where defendant did not demonstrate that she exercised due diligence.

¶ 2    Defendant Patrice Willliams, *pro se*, appeals the denial of her petition for relief from judgment (735 ILCS 5/2-1401 (West 2024)) finding her liable under a commercial lease agreement. The issue presented is whether the circuit court abused its discretion in denying relief from judgment on an arbitration award where defendant failed to timely reject the award. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      Plaintiff CB Chicago Partners, Ltd., owns a shopping center at the corner of 159th Street and Kedzie Avenue in Markham, Illinois. Plaintiff entered into a commercial lease agreement with defendants Regina Harris and Patrice Williams and ultimately brought a breach of contract action against defendants in the circuit court of Cook County. The parties proceeded to mandatory arbitration under Illinois Supreme Court Rule 86 (eff. Jan. 1, 1994). Neither party rejected the panel's award. The circuit court entered judgment on the award in the amount of $129,021.92 on October 23, 2024. More than three months later, on February 21, 2025, defendant Williams filed a "motion to vacate default judgment and reopen case for lack of personal liability" with respect to the October 23 judgment. The circuit court struck the motion, and defendant filed an amended one on March 17, 2025. The circuit court then denied the motions. This timely appeal followed. Ill. S. Ct. R. 303(a) (eff. July 1, 2017); R. 304(b)(3) (eff. Mar. 8, 2016).

¶ 5                                    II. ANALYSIS

¶ 6      Defendant maintains the circuit court erred in denying her motion to vacate the judgment because there was no valid contract between the parties, and defendant argues she was deprived of procedural due process because there was insufficient discovery before arbitration. Plaintiff argues denial was proper because defendant failed to demonstrate due diligence in the original action where she did not timely reject the arbitration award.

¶ 7      Defendant's motion in the circuit court attacked what it characterized as a default final judgment more than 30 days from its entry. Thus, the motion is properly construed as a petition for relief from judgment under section 2-1401 of the Illinois Code of Civil Procedure. 735 ILCS 5/2-1401(a) ("Relief from final orders and judgments, after 30 days from the entry thereof, may

be had upon petition as provided in this Section."); see *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 102 (2002) (construing a "motion to vacate [a] final default judgment" more than 30 days from entry as a section 2-1401 petition). Defendant's petition primarily disputed the legitimacy of the underlying lease on various grounds: that her signature was forged, that the contract lacked consideration, and that she was fraudulently induced into signing it, among others. Whether to grant or deny a fact-dependent section 2-1401 petition is "within the sound discretion of the circuit court, depending on the facts and equities presented." *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 37 (citing *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 221 (1986)).

¶ 8    It is defendant's burden as the appellant to provide a sufficiently complete record to support a claim of error. Ill. S. Ct. R. 321 (eff. Oct. 1, 2021); R. 323 (eff. July 1, 2017); *Graves v. Cook County Republican Party*, 2020 IL App (1st) 181516, ¶ 39. Here, the circuit court's order denied the motion and amended motion without further explanation. Defendant has not provided a report of proceedings or an acceptable substitute, such as a bystander's report or an agreed statement of facts. See Ill. S. Ct. R. 323(a), (c), (d) (eff. July 1, 2017). Without such a record, we presume the circuit court acted in conformity with the law and may summarily affirm its judgment. *Graves*, 2020 IL App (1st) 181516, ¶ 39.

¶ 9    Even reviewing the denial on the merits, the circuit court did not abuse its discretion. If 30 days or more have passed after entry of a final order or judgment, a party may petition for relief from the order or judgment under section 2-1401 of the Code of Civil Procedure. 735 ILCS 5/2-1401(a). "To be entitled to relief under section 2-1401, the petitioner must affirmatively set forth specific factual allegations supporting each of the following elements: (1) the existence of a

meritorious defense or claim; (2) due diligence in presenting this defense or claim to the circuit court in the original action; and (3) due diligence in filing the section 2-1401 petition for relief." See *Airoom*, 114 Ill. 2d at 220-21. "[S]ection 2-1401 does not afford a litigant a remedy whereby [s]he may be relieved of the consequences of [her] own mistake or negligence." *Id.* at 222. Accordingly, under the second prong, "the petitioner must show that [her] failure to defend against the lawsuit was the result of an excusable mistake and that under the circumstances [s]he acted reasonably, and not negligently, when [s]he failed to initially resist the judgment." *Id.*

¶ 10     Here, the case proceeded to arbitration on August 29, 2024, and defendant appeared through counsel at the arbitration. The arbitrator issued an award in favor of plaintiff the following day. Written notice of rejection was due fourteen days later. Cook County Cir. Ct. R. 25.11 (Apr. 1, 2021); see *Jones v. State Farm Mutual Automobile Insurance Co.*, 2018 IL App (1st) 170710, ¶¶ 28, 38 (explaining the circuit court of Cook County's quicker deadline to reject arbitration is enforceable notwithstanding the longer, thirty-day deadline under Illinois Supreme Court Rule 93(a) (eff. Jan. 1, 1997)). Defendant did not reject the award, and plaintiff moved to enter judgment on October 8, 2024. Because neither party rejected it, the circuit court "had no choice but to enter judgment on the award." (Internal quotation marks omitted.) *Stemple v. Pickerill*, 377 Ill. App. 3d 788, 793 (2007); see *Jones*, 2018 IL App (1st) 170710, ¶ 44 (explaining failure to make a timely rejection waives the right to reject the arbitration award).

¶ 11     In her post-judgment petition for relief to the circuit court, defendant primarily argued she was not liable under the commercial lease. She did not demonstrate that her failure to reject the award was the result of an excusable mistake. She did not demonstrate that she exercised due diligence in the original action. *Cf. Jackson v. Bailey*, 384 Ill. App. 3d 546, 549 (2008) (explaining

that where a party seeking to vacate a judgment entered on a mandatory arbitration award "was required to attend an arbitration hearing but failed to attend, that party has the burden of showing that his noncompliance was reasonable or the result of extenuating circumstances"). She also failed to attach an affidavit to support any claim of due diligence. See 735 ILCS 5/2-1401(b) ("The petition must be supported by an affidavit or other appropriate showing as to matters not of record."). Therefore, the circuit court did not abuse its discretion in denying her petition.

¶ 12    On appeal, defendant argues the merits of her purported defense to contractual liability in the original action. But she fails to demonstrate that she exercised due diligence or otherwise address the legal standard under section 2-1401. See *Airoom*, 114 Ill. 2d at 221-22 (declining to analyze the merits of the defense in the original action where the post-judgment petitioner failed to exercise due diligence in presenting that defense to the circuit court).

¶ 13    Defendant also argues she was deprived of procedural due process because there was insufficient discovery before arbitration. "The fundamental requirements of due process are notice of the proceeding and an opportunity to present any objections." *People v. Cardona*, 2013 IL 114076, ¶ 15. Defendant did not explain how the proceedings in the circuit court deprived her of notice or an opportunity to be heard. Nor did she explain how the proceedings implicated the *Mathews* factors for evaluating a procedural due process claim. See *id.* (citing *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)). She simply cited two inapposite cases. The cases do not address whether discovery in a civil action between non-state actors implicates due process, and she did not explain how an appellate court could interpret them to apply to her claim. See *Segers v. Industrial Comm'n*, 191 Ill. 2d 421, 434-35 (2000) (holding plaintiff lacked a property interest in a death benefits claim); *Rosewell v. Chicago Title & Trust Co.*, 99 Ill. 2d 407, 412 (1984)

(holding due process does not require personal notice of an impending real estate tax sale to all interested parties).

¶ 14    "A reviewing court is entitled to have the issues on appeal clearly defined with pertinent authority cited and a cohesive legal argument presented. [Citation.] Issues that are ill-defined and insufficiently presented do not satisfy *** [Illinois Supreme Court Rule 341(h)(7)] and are considered waived." (Internal quotation marks omitted.) *People v. Ballard*, 2022 IL App (1st) 210762, ¶ 25 (finding waiver of a constitutional claim that lacked sufficient legal argument). Accordingly, defendant waived review of her procedural due process claim.

¶ 15                                  III. CONCLUSION

¶ 16    The circuit court's order denying defendant's petition for relief from judgment is affirmed.

¶ 17    Affirmed.