2022 IL App (1st) 210762

No. 1-21-0762

Opinion filed: December 23, 2022

Sixth Division

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Cook County, Illinois County |
| Plaintiff-Appellee, | ) ) | No. 18 CR 17773 |
| v. | ) ) ) | The Honorable Timothy Chambers, |
| DARRELL BALLARD, | ) ) | Judge Presiding. |
| Defendant-Appellant. | ) | |

_____

JUSTICE C.A. WALKER delivered the judgment of the court, with opinion.
Justice Oden Johnson and Justice Tailor concurred in the judgment and opinion.

**OPINION**

¶ 1    Following a jury trial, defendant Darrell Ballard was convicted of attempted aggravated arson (720 ILCS 5/8-4(a), 20-1.1 (West 2018)) and sentenced to a six-year prison term. On appeal, Ballard does not challenge the sufficiency of the evidence to sustain his conviction. Instead, Ballard argues the trial court abused its discretion by relying on unconstitutionally infirm COVID-19 pandemic-related orders from the Illinois Supreme Court and denying his motion to dismiss the case where he had been detained for more than 120 days in violation of section 103-5 of the Code

of Criminal Procedure of 1963, the speedy trial statute (725 ILCS 5/103-5(a) (West 2018)). For the foregoing reasons, we affirm Ballard's conviction for attempted aggravated arson.

¶ 2                                          I. BACKGROUND

¶ 3      On November 20, 2018, Ballard was arrested for attempted aggravated arson and attempted first degree murder of Edna Glenn and her daughter Jordan Lambropoulos. On November 22, 2018, Ballard appeared in bond court, and the court set no bail. On January 3, 2019, Ballard was arraigned, and the Office of the Cook County Public Defender was appointed to represent him. Ballard's case was continued by agreement 14 times between January 3 and October 23, 2019. On October 23, the case was continued on defense's motion to November 8 so that Ballard could consider the State's plea offer. On November 8, the offer remained open, and the case was continued by agreement to December 4, 2019, and then to January 6, 2020. On January 6, the parties continued the case by agreement to February 10, 2020, to set the case for trial. On February 10, Ballard's attorney filed a motion to withdraw, and the case was continued by agreement on March 10, 2020, and again on March 12, 2020, for resolution of the motion to withdraw.

¶ 4      On March 12, 2020, Ballard's public defender requested that the Office of the Cook County Public Defender be allowed to withdraw from Ballard's case. The court denied the request to allow the office to withdraw but allowed Ballard's assigned assistant public defender to withdraw and a new assistant public defender to file an appearance on Ballard's behalf. The case was continued by agreement on March 30, 2020.

¶ 5      In March 2020, the Illinois Supreme Court and the chief judge of the circuit court of Cook County issued a series of orders, M.R. 30370, in response to the COVID-19 pandemic. On March 17, 2020, the Illinois Supreme Court entered an order, which stated that "courts shall continue to establish and periodically update, as necessary, temporary procedures to minimize the impact of

COVID-19 on the court system, while continuing to provide access to justice." Ill. S. Ct., M.R. 30370 (eff. Mar. 17, 2020). All courts were allowed to "[m]odify or suspend any deadlines and procedures, whether prescribed by local rule or order, for a stated period ending no later than 30 days after the Governor's state of emergency declaration has been lifted" and "[t]ake any other reasonable action to avoid exposing court proceedings to the threat of COVID-19." *Id.*

¶ 6     On March 20, 2020, the Illinois Supreme Court ordered that

"the Chief Judges of each circuit may continue trials for the next 60 days and until further order of this Court. In the case of criminal proceedings, any delay resulting from this emergency continuance order shall not be attributable to either the State or the defendant for purposes of section 103-5 of the Code of Criminal Procedure of 1963 [citation]." Ill. S. Ct., M.R. 30370 (eff. Mar. 20, 2020).

On March 30, Chief Judge Timothy Evans ordered that, except in certain cases, "all matters in all Districts and Divisions of the court are rescheduled and continued for a period of 30 days from the originally scheduled court date or a date not more than 30 days after May 18, 2020, whichever is later." Chief Judge Evans further ordered that "[a]ny delay resulting from this emergency continuance order shall not be attributable to either the State or the defendant for purposes of section 103-5 (speedy trial)."

¶ 7     On April 3, 2020, the Illinois Supreme Court ordered that

"[t]he Chief Judges of each circuit may continue trials until further order of this Court. In the case of criminal proceedings, any delay resulting from this emergency continuance order shall not be attributable to either the State or the defendant for purposes of section 103-5 of the Code of Criminal Procedure of 1963 [citation]." Ill. S. Ct., M.R. 30370 (eff. Apr. 3, 2020).

The court explained in its May 20, 2020, order that trial continuances "serve the ends of justice and outweigh the best interests of the public and defendants in a speedy trial" and are "excluded from speedy trial computations." Ill. S. Ct., M.R. 30370 (eff. June 1, 2020). On May 1, Chief Judge Evans modified his March 30 order extending the case rescheduling date to May 31, 2020.

¶ 8    On May 4, 2020, Ballard's attorney appeared in court by video conference and requested bond review due to COVID-19 circumstances. The court then set a $150,000 bond with electronic monitoring and global positioning system (GPS). Ballard never posted bond and remained in custody. Ballard's case was continued on June 23, 2020, and again on July 16, 2020.

¶ 9    On May 20, 2020, the Illinois Supreme Court ordered that, effective June 1, 2020,

"each circuit may return to hearing court matters, whether in person or remotely, according to a schedule to be adopted for each county by the chief judge in each circuit. The circuit courts shall continue, to the extent possible, to allow for appropriate social distancing and attempt to reduce the number of persons appearing personally for court appearances." *Id.*

The court reiterated that trial continuances are excluded from speedy trial computations and that the provision "also applies when a trial is delayed when the court determines proper distancing and facilities limitations prevent the trial from proceeding safely." *Id.*

¶ 10    On May 28, 2020, Chief Judge Evans modified his May 1 order extending the case rescheduling date to July 6, 2020. On June 4, 2020, the presiding judge of the criminal division ordered that, effective June 8, 2020, and "[c]onsistent with current operations, all matters will be heard via Zoom. There will be no in-court proceedings. *** During this period, judges will not conduct evidentiary hearings or trials."

¶ 11    On June 26, 2020, Chief Judge Evans ordered that, effective July 6, 2020, "the circuit court will begin hearing all matters in all Districts and Divisions of the court with the exception of jury

trials." The order reaffirmed that "[a]ny delay resulting from this order *** shall not be attributable to either the State or the defendant for purposes of [the speedy trial act]."

¶ 12     On July 16, 2020, defense counsel informed the court that Ballard demanded trial, and the court noted Ballard's request on the record. Ballard subsequently filed a *pro se* "Petition for Discharge of Incarcerated Defendant Based on Statutory Speedy Trial Violation." Thereafter, the case was continued four times. On November 13, 2020, Ballard rejected the State's plea offer and made an oral demand for a jury trial. On November 25, Ballard filed a *pro se* "Affidavit" alleging a violation of his speedy trial rights and a *pro se* "Motion Demanding Speedy and Public Trial."

¶ 13     On November 23, 2020, Chief Judge Evans ordered that "[n]o bench trials in criminal cases and jury trials of any kind shall be held until further order of the court." He reiterated that "[a]ny delays resulting from this order *** shall not be attributable to either the State or the defendant for purposes of section 103-5 (speedy trial) of the Code of the Criminal Procedure of 1963."

¶ 14     On February 3, 2021, defense counsel filed a motion to dismiss based on a violation of the speedy trial statute. The court denied the motion, and the case was continued to March 17, 2021.

¶ 15     On March 23 and April 23, 2021, Chief Judge Evans amended his order to allow the holding of jury trials. The order provided that

> "the number of jury trials and jury trial locations shall be determined by beginning with a jury trial in the Leighton Criminal Courthouse on or about March 22 and a jury trial at the Fifth Municipal District (Bridgeview) on or about March 29, and resources and public health guidelines permitting, be gradually expanded to other courthouses after May 3, 2021."

¶ 16     On April 19, 2021, the parties appeared in court via videoconference. Ballard renewed his demand for trial and motion to dismiss based on a violation of the speedy trial statute. The court

stated, "Defendant's demand for trial is noted for the record. The motion to dismiss will be denied for the same reason it has been in the past, because of the Supreme Court Rules dealing with Coronavirus." The parties set a date for jury trial, which began on May 10, 2021.

¶ 17    On June 30, 2021, the Illinois Supreme Court ordered that, beginning October 1, 2021, section 103-5 of the Code of Criminal Procedure of 1963 would not be tolled due to the COVID-19 pandemic. The court explained that the days prior to March 20, 2020, and days beginning on and after October 1, 2021, must be included in the speedy trial computations as set forth in section 103-5. Ill. S. Ct., M.R. 30370 (eff. June 30, 2021).

¶ 18    At the end of Ballard's trial, the jury found him guilty of attempted aggravated arson but not guilty of attempted first degree murder. Ballard filed a motion for a new trial, alleging, *inter alia*, that the court erred when it denied his motion to dismiss based on a violation of his speedy trial right. The trial court denied the motion, stating that "it did occur during the Corona virus pandemic, and this court at all times acted in compliance with the rules and orders of the Illinois State Supreme Court." The court sentenced Ballard to six years' imprisonment. Ballard now appeals.

¶ 19                                II. ANALYSIS

¶ 20    Ballard raises two issues on appeal. First, Ballard contends that the circuit court abused its discretion when it denied his motion to dismiss based on a speedy trial violation on the ground that the Illinois Supreme Court COVID-19 emergency orders tolled the 120-day speedy trial period. Ballard claims that the supreme court's orders violated the doctrine of separation of powers under the Illinois Constitution. See Ill. Const. 1970, art. II, § 1. Second, Ballard asserts that his right to a speedy trial was violated where his time in custody exceeded the 120-day speedy trial period. We address each issue respectively.

¶ 21    In Illinois, a defendant has both a constitutional (U.S. Const., amends. VI, XIV; Ill. Const. 1970., art. I, § 8) and a statutory right (725 ILCS 5/103-5(a) (West 2018)) to a speedy trial pursuant to the speedy trial statute. *People v. Cordell*, 223 Ill. 2d 380, 385 (2006); *People v. Sykes*, 2017 IL App (1st) 150023, ¶ 35.

¶ 22    "Our standard of review for a statutory speedy-trial issue is twofold. First, absent an abuse of discretion, we will sustain the [circuit] court's determination as to who is responsible for a delay in the trial [citation], and second, we review *de novo* the ultimate question of whether the defendant's statutory right [to a speedy trial] was violated [citation]." *People v. Janusz*, 2020 IL App (2d) 190017, ¶ 56; see also *People v. Kliner*, 185 Ill. 2d 81, 115 (1998). Speedy trial provisions were enacted to avoid infringements of a defendant's constitutional rights. Hence, they are to be liberally construed in favor of the defendant. *People v. Kohler*, 2012 IL App (2d) 100513, ¶ 23.

¶ 23              A. Validity of the COVID-19 Orders from the Illinois Supreme Court

¶ 24    Ballard argues that the Illinois Supreme Court "usurped the role of the legislature" when it issued the COVID-19 emergency orders delaying trials and suspending the speedy trial statute in violation of the doctrine of separation of powers under the Illinois Constitution "as well as Federal Sixth and Fourteenth Amendment principles." The State contends that Ballard forfeited this issue and any claims under the United States Constitution. Alternatively, the State alleges that this court should follow the decision in *People v. Mayfield*, 2021 IL App (2d) 200603, and hold that the court-issued COVID-19 orders were constitutional.

¶ 25    As a preliminary matter, we address the State's forfeiture arguments. We first note that, while Ballard claims the court orders violated federal sixth and fourteenth amendment principles, he failed to present any legal argument to support his contention. Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) provides that the appellant's brief must contain "[a]rgument, which

shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." "[A] reviewing court is entitled to have the issues on appeal clearly defined with pertinent authority cited and a cohesive legal argument presented." (Internal quotation marks omitted.) *Walters v. Rodriguez*, 2011 IL App (1st) 103488, ¶ 5. Issues that are ill-defined and insufficiently presented do not satisfy the rule and are considered waived. *Id.* ¶ 6. Therefore, we find that Ballard waived any claims that the court orders violated the federal constitution.

¶ 26 Furthermore, Ballard concedes that he did not raise the separation of powers issue before the circuit court but asks this court to review the issue for plain error. Under the plain error doctrine, a reviewing court may consider an unpreserved error when a clear or obvious error occurred and (1) "the evidence is close, regardless of the seriousness of the error" or (2) "the error is serious, regardless of the closeness of the evidence." *People v. Herron*, 215 Ill. 2d 167, 187 (2005). We must first determine whether clear error occurred. *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007).

¶ 27 The Illinois Constitution provides that "[t]he legislative, executive and judicial branches are separate. No branch shall exercise powers properly belonging to another." Ill. Const. 1970, art. II, § 1. The constitution vests judicial power "in a Supreme Court, an Appellate Court and Circuit[ ] Courts." Ill. Const. 1970, art. VI, § 1. "General administrative and supervisory authority over all courts is vested in the Supreme Court and shall be exercised by the Chief Justice in accordance with its rules." Ill. Const. 1970, art. VI, § 16. Judicial power includes the adjudication and application of law, the procedural administration of the courts, and the rulemaking authority to regulate the trial of cases. *Kunkel v. Walton*, 179 Ill. 2d 519, 528 (1997).

¶ 28     In *Kunkel*, our supreme court recognized that, while the branches of government are separate, their authority may overlap in certain functions. *Id.* at 528-29. The court explained:

> "The separation of powers provision does not seek to achieve a complete divorce between the branches of government; the purpose of the provision is to prevent the whole power of two or more branches from residing in the same hands. [Citation.] There are areas in which separate spheres of governmental authority overlap and certain functions are thereby shared. [Citation.] Where matters of judicial procedure are at issue, the constitutional authority to promulgate procedural rules can be concurrent between the court and the legislature. The legislature may enact laws that complement the authority of the judiciary or that have only a peripheral effect on court administration. [Citation.] Ultimately, however, this court retains primary constitutional authority over court procedure. Consequently, the separation of powers principle is violated when a legislative enactment unduly encroaches upon the inherent powers of the judiciary, or directly and irreconcilably conflicts with a rule of this court on a matter within the court's authority. [Citations.] With regard to separation of powers violations resulting from conflicts between statutory provisions and court rules, this court has indicated that even where a statute, standing alone, does not violate the separation of powers clause, 'the legislature is without authority to interfere with "a product of this court's supervisory and administrative responsibility." ' [Citation.] The principle that court rules will supersede inconsistent statutory provisions is connected to ' "the undisputed duty of the court to protect its judicial powers from encroachment by

legislative enactments, and thus preserve an independent judicial department." ' "

*Id.*

¶ 29 In *Mayfield*, 2021 IL App (2d) 200603, ¶ 21, the Second District relied on *Kunkel* in determining whether our supreme court exceeded its authority by tolling the run of the 120-day speedy trial period pursuant to its COVID-19 orders. The court held that "[t]he scheduling of criminal trials is a matter of procedure within the realm of our supreme court's primary constitutional authority." *Id.* It further determined that, under *Kunkel*, "the court's exercise of [its authority to schedule criminal trials] through its orders prevails over the [speedy trial statute]." *Id.*

¶ 30 We agree with the *Mayfield* court that the supreme court's constitutional authority over its procedural administration encompasses the scheduling of criminal trials and that the court had authority to exercise its power to toll the speedy trial period notwithstanding the speedy trial statute provisions. Therefore, we find that the supreme court issued its COVID-19 orders in accordance with the separation of powers doctrine of the Illinois Constitution. Accordingly, we hold that the circuit court did not abuse it discretion when finding that the speedy trial term was tolled during the period where the supreme court ordered "delay shall not be attributable to the State or the defendant" under the speedy trial statute.

¶ 31                                 B. Speedy Trial Violation

¶ 32 In light of our decision to uphold the Illinois Supreme Court's COVID-19 orders, we next determine whether Ballard's time in custody exceeded the 120-day statutory period in violation of the speedy trial statute.

¶ 33 The speedy trial statute provides:

"Every person in custody in this State for an alleged offence shall be tried by the

court having jurisdiction within 120 days from the date he or she was taken into

custody unless delay is occasioned by the defendant ***. Delay shall be considered to be agreed to by the defendant unless he or she objects to the delay by making a written demand for trial or an oral demand for trial on the record." 725 ILCS 5/103-5(a) (West 2018).

¶ 34 The parties agree that Ballard's speedy trial term ran from the date of his arrest on November 20, 2018, to his arraignment on January 3, 2019, totaling 44 days. Ballard asserts that he was held in custody for an additional 178 days from November 13, 2020, when he demanded trial, to May 10, 2021, the commencement of his trial, that were not attributable to him because the "delay was attributable to continuances by the [circuit] court based on the Illinois Supreme Court's emergency orders." Ballard claims that, as a result, he was detained for 222 days, exceeding the 120-day speedy trial period.

¶ 35 Between March 20, 2020, to June 30, 2021, the Illinois Supreme Court issued several COVID-19 emergency orders that either prohibited the scheduling of trials or gave the circuit court authority to delay trials and tolled any delays resulting from its orders under the speedy trial statute. On May 20, 2020, the Illinois Supreme Court ordered that, effective June 1, 2020, "each circuit may return to hearing court matters, whether in person or remotely, according to a schedule to be adopted for each county by the chief judge in each circuit." Ill. S. Ct., M.R. 30370 (eff. June 1, 2020). The court reiterated that trial continuances are excluded from speedy trial computations and that the provision "also applies when a trial is delayed when the court determines proper distancing and facilities limitations prevent the trial from proceeding safely." *Id.*

¶ 36 Chief Judge Evans continued the delay of jury trials until March 23, 2021. On that day, Chief Judge Evans issued an order allowing jury trials to be held "at the Leighton Criminal Courthouse on or about March 22 [2021], and a jury trial at the Fifth Municipal District

(Bridgeview) on or about March 29, and resources and public health guidelines permitting, be gradually expanded to other courthouses after May 3, 2021."

¶ 37    On June 30, 2021, the supreme court ordered that, beginning October 1, 2021, the speedy trial statute would not be tolled due to the COVID-19 pandemic. Ill. S. Ct., M.R. 30370 (eff. June 30, 2021). The court explained that the days prior to March 20, 2020, and days beginning on and after October 1, 2021, must be included in the speedy trial computations as set forth in the speedy trial statute. *Id.*

¶ 38    Ballard's speedy trial term ran for 44 days from the date of his arrest on November 20, 2018, to his arraignment on January 3, 2019. Between January 3 and October 23, 2019, Ballard's case was continued by agreement of the parties. On October 23, Ballard's case was continued on defense motion to November 8, 2019. Between November 8, 2019, and March 30, 2020, Ballard's case was continued by agreement of the parties. As a result of the COVID-19 emergency court orders issued between March 20, 2020, and June 30, 2021, Ballard's speedy trial term was tolled between March 30, 2020, and May 10, 2021. Because we find that the emergency court orders were constitutionally valid, any delays in Ballard's trial during the period did not count toward Ballard's speedy trial term.

¶ 39    Chief Judge Evans issued an order allowing jury trials at all courthouses to be conducted after May 3, 2021, and Ballard's trial began on May 10, 2021. Excluding any delay resulting from the court-issued COVID-19 orders, Ballard's speedy trial term ran for 44 days and did not exceed the 120-day statutory period under the speedy trial statute. Accordingly, we hold that there was no violation of the speedy trial statute.

¶ 40                                III. CONCLUSION

- 12 -

¶ 41    We find that the circuit court did not abuse its discretion when it determined that Ballard's speedy trial term was tolled pursuant to the court-issued COVID-19 emergency orders. We also find that there was no violation of the speedy trial statute. For the foregoing reasons, we affirm the circuit court's decision.

¶ 42    Affirmed.

*People v. Ballard*, 2022 IL App (1st) 210762

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 18-CR-17773; the Hon. Timothy Chambers, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Douglas R. Hoff, and Ann B. McLennan, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Enrique Abraham, Douglas P. Harvath, Marci Jacobs, and Julie Riekse, Assistant State's Attorneys, of counsel), for the People. |

s