2025 IL App (1st) 241380-U

No. 1-24-1380

Order filed August 11, 2025

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| FELICIA BURNETTE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 24 M1 10606 |
| | ) | |
| JESSICA BURNETTE, | ) | Honorable |
| | ) | Elizabeth A. Walsh, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE FITZGERALD SMITH delivered the judgment of the court. Justices Lavin and Cobbs concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the circuit court's order dismissing with prejudice plaintiff's action for intentional infliction of emotional distress where plaintiff has failed to provide any legal argument to support her contentions of error or citations to legal authority on appeal.

¶ 2    Plaintiff Felicia Burnette (also known as Felicia Burnett) appeals *pro se* the circuit court's order granting the motion of defendant Jessica Burnette to dismiss with prejudice plaintiff's suit for intentional infliction of emotional distress. For the following reasons, we affirm.

¶ 3    The record on appeal consists of one volume of the common law record and does not contain a report of proceedings or any acceptable substitute. The following facts are derived from the common law record.

¶ 4    On February 8, 2024, plaintiff filed *pro se* a small claims complaint for $10,000 against defendant, the wife of plaintiff's late son Michael Burnette. Plaintiff stated that Michael was murdered on November 21, 2023, following which defendant had, *inter alia*, made plaintiff's life "miserable," and denied plaintiff items from Michael's home that belonged to plaintiff and access to Michael and defendant's children.

¶ 5    On April 2, 2024, defendant filed a motion to dismiss plaintiff's complaint for failing to state a claim. On April 16, 2024, the court entered an order granting defendant's motion to dismiss without prejudice and allowing plaintiff to file an amended complaint.

¶ 6    On April 22, 2024, plaintiff filed *pro se* an amended complaint seeking $10,000 from defendant for intentional infliction of emotional distress. Plaintiff alleged that, following Michael's death, defendant had refused to return certain items, and gave items that had belonged to plaintiff's recently deceased brother to the person who had "run*** off" with his body and not returned his ashes to the family. Plaintiff alleged that defendant intended that act to cause plaintiff even more suffering. Defendant had put other items of Michael's in the street as garbage, and falsely accused plaintiff of starting a rumor that defendant was involved in Michael's death.

¶ 7    Plaintiff further alleged that, on January 1, 2024, defendant had obtained an order of protection against plaintiff by falsely stating plaintiff had "abused, harassed, intimidated or harmed her and [plaintiff's] grandchildren." Defendant's denial of plaintiff's access to Michael and defendant's children, whom plaintiff had not seen since December 14, 2023, added greatly to

plaintiff's trauma. Defendant had also obtained an order of protection against Michael's son. In March 2024, defendant filed for violations of the protection order because plaintiff and others had rallied to protest violence and "stopped by" the block where Michael had lived. Plaintiff alleged that defendant's treatment of her was intended to hurt her as defendant was angry with Michael prior to his death. Due to defendant's mistreatment, plaintiff had been "greatly stressed, sleepless***, breaking out in hives, [had] uncontrol[l]able strimmers [*sic*]," and could not "think, eat or care for [her]self properly." Defendant's family "only condon[ed] this inhumane, hatred, & horrible attacks" on plaintiff. Plaintiff's severe depression was due to defendant's unfair and unjust treatment, and defendant knew she was ill.

¶ 8       On May 23, 2024, defendant filed a motion to dismiss the case with prejudice for failing to state a claim upon which relief could be granted. On June 26, 2024, the court entered an order granting defendant's motion and dismissing the case with prejudice. The court wrote, "For the reasons stated in open court, the court finds no set of facts plead [*sic*] would properly state a cause of action."

¶ 9       Plaintiff now appeals *pro se*. She argues the circuit court erred in not allowing her a "day in court" to prove defendant's intentional infliction of emotional distress.

¶ 10      Section 2-615 of the Code of Civil Procedure allows for the dismissal of a complaint for failing to establish a cause of action upon which relief could be granted. 735 ILCS 5/2-615 (West 2024); *Hulsh v. Hulsh*, 2025 IL 130931, ¶ 13. Dismissal is proper where "it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recovery." (Internal quotation marks omitted.) *Hulsh*, 2025 IL 130931, ¶ 13. When reviewing a section 2-615 dismissal, we must accept all well-pleaded facts, and reasonable inferences from those facts, as true. *Seals v. Rush University*

*Medical Center*, 2021 IL App (1st) 200558, ¶ 11. We review a dismissal for failure to state a claim *de novo* (*Hulsh*, 2025 IL 130931, ¶ 13) and the decision to dismiss with prejudice without allowing the plaintiff further opportunities to plead for an abuse of discretion (*Bruss v. Przybylo*, 385 Ill. App. 3d 399, 405 (2008)).

¶ 11    Initially, we note that, in entering the order granting defendant's motion to dismiss for failure to state a claim, the court wrote that it was doing so "[f]or the reasons stated in open court." However, the record on appeal lacks a report of any proceedings or an acceptable substitute such as an agreed statement of facts or a bystander's report. Ill. S. Ct. R. 323 (eff. July 1, 2017) (detailing contents of report of proceedings and procedure if no transcript is available). Therefore, we cannot ascertain the specific reasons for which the court found that plaintiff failed to state a claim upon which relief could be granted.

¶ 12    As the appellant, it was plaintiff's burden to provide a sufficient record to support a claim of error. *Beck v. DayOne Pact*, 2023 IL App (1st) 221120, ¶ 29. Absent a complete record on appeal, we must presume that the lower court's order conformed with the law and had a sufficient factual basis. *Id.* (citing *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984)). Although we do not excuse plaintiff's failure to comply with the requirement to provide a report of proceedings or acceptable substitute, because we review *de novo* the court's finding that she failed to state a claim in her pleading, plaintiff's failure to comply is not fatal on that question. *Id.* That said, the deficiencies in her brief hinder this court's review.

¶ 13    Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020) governs the content and format of appellate briefs. Its rules are mandatory. *In re Marriage of Sanchez & Sanchez-Ortega*, 2018 IL App (1st) 171075, ¶¶ 30-31.

¶ 14    Plaintiff fails to comply with Rule 341(h) in multiple respects. Specifically, her opening brief lacks a table of contents, a statement of jurisdiction, a statement of facts necessary to the understanding of the case that is without argument or comment and contains citations to the record, and an argument section including citations to authority and the pages of the record relied on. See Ill. S. Ct. R. 341(h)(1), (4), (6), (7) (eff. Oct. 1, 2020) (setting out requirements of an appellant's brief). Rather, plaintiff's opening and reply briefs are comprised only of factual assertions and conclusory statements completely devoid of citations to the record or legal authority. She fails to identify the elements of intentional infliction of emotional distress or discuss how defendant's alleged actions satisfy those elements such that they state a claim upon which relief could be granted. See *DiPietro v. GATX Corp.*, 2020 IL App (1st) 192196, ¶ 50 (providing elements of intentional infliction of emotional distress).

¶ 15    Plaintiff's *pro se* status does not excuse her from complying with our supreme court rules. *Zale v. Moraine Valley Community College*, 2019 IL App (1st) 190197, ¶ 32. We are entitled to have the issues on appeal clearly defined with a cohesive legal argument and citations to pertinent authority. *People v. Ballard*, 2022 IL App (1st) 210762, ¶ 25. "Issues that are ill-defined and insufficiently presented *** are considered waived." *Id.*; see Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (contentions must be supported by citations to authority, and points not argued are forfeited); *Arrizon v. TransUnion, LLC*, 2025 IL App (1st) 231911, ¶ 41 (remarking that this court "is not a depository in which the appellant may dump the burden of argument and research" (internal quotation marks omitted)). Nevertheless, as plaintiff appears to challenge the dismissal of her intentional infliction of emotional distress action with prejudice, we choose to examine her claim to the extent we are able.

¶ 16 Claims of intentional infliction of emotional distress require the following elements: (1) the defendant's conduct was extreme and outrageous, (2) the defendant intended to inflict severe emotional distress or knew there was high probability that her conduct would cause it, and (3) the defendant's conduct caused severe emotional distress. *DiPietro*, 2020 IL App (1st) 192196, ¶ 50. To be extreme and outrageous, the "conduct must go beyond mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities," and exceed "all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." (Internal quotation marks omitted.) *Id.*

¶ 17 Factors to be considered regarding whether conduct is sufficiently extreme and outrageous include whether the defendant reasonably believed her objective was legitimate, the degree of power or authority that the defendant has over the plaintiff, and whether the defendant knows the plaintiff is particularly susceptible to emotional distress. *S.E. v. BMO Harris Bank National Ass'n*, 2025 IL App (2d) 240311, ¶ 50. The defendant is not liable for insisting upon her legal rights "in a permissible way," even if she knows it will cause emotional distress. *Id.*

¶ 18 In her amended complaint, plaintiff alleged, *inter alia*, that after her son Michael's death, defendant denied her items, gave items of Michael's to someone whom defendant knew plaintiff did not like, denied plaintiff access to her grandchildren, lied that plaintiff had abused and harassed defendant and plaintiff's grandchildren to obtain an order of protection against plaintiff, and did so while knowing that plaintiff was ill. Although plaintiff was clearly insulted and hurt by defendant's actions, we cannot find defendant's alleged conduct so sufficiently extreme and outrageous as to support a claim for intentional infliction of emotional distress. See *Layne v. Builders Plumbing Supply Co.*, 210 Ill. App. 3d 966, 972-73 (1991) (finding that allegedly false

complaints to police that the plaintiff had harassed, assaulted, and threatened someone did not state a claim for intentional infliction of emotional distress as courts must "draw\*\*\* a line between the slight hurts which are the price of a complex society and the severe mental disturbances inflicted by intentional actions wholly lacking in social utility" (internal quotation marks omitted)).

¶ 19 Plaintiff complains that the circuit court did not allow her a "day in court." To the extent this claim could be construed as contending that the circuit court abused its discretion by dismissing her amended complaint with prejudice rather than allowing her to amend it, she sets forth no substantive argument and has forfeited her claim. See *Scatchell v. Board of Fire & Police Commissioners for Village of Melrose Park*, 2022 IL App (1st) 201361, ¶ 104 (it is not reviewing court's function or obligation to act as an advocate for the appellant).

¶ 20 We note that, even were we to consider the contention, the record is insufficient for our review of this question. "Where a claim can be stated, the trial court abuses its discretion if it dismisses the complaint with prejudice and refuses the plaintiff further opportunities to plead." *Bruss*, 385 Ill. App. 3d at 405. Appellant's duty to provide a complete record on appeal is "especially important when [as here] the abuse-of-discretion standard applies." (Internal quotation marks omitted.) *Northwestern Illinois Area Agency on Aging v. Basta*, 2022 IL App (2d) 210234, ¶ 79. Here, without a report of proceedings or an acceptable substitute, we cannot ascertain what evidence or argument plaintiff presented to the circuit court in response to defendant's motion to dismiss her amended complaint or the circuit court's reasons for dismissing plaintiff's amended complaint with prejudice, let alone whether the court abused its discretion in doing so. Accordingly, we presume the circuit court's order conformed with the law and had sufficient factual basis. *Beck*, 2023 IL App (1st) 221120, ¶ 29.

¶ 21　For the foregoing reasons, we affirm the judgment of the circuit court of Cook County dismissing plaintiff's action for intentional infliction of emotional distress.

¶ 22　Affirmed.